7jgmtwoh (7/12)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

*In Re:*  William Michael Wray
*Debtor*

*Bankruptcy Case No.*
11–44263–drd7

**Maureen Scully**
  Plaintiff(s)

*Adversary Case No.*
12–04100–drd

v.

**Susan Wray**
**Susan C. Wray Revocable Trust**
**Cape Investments, LLC**
**Country Squire Investments, Ltd.**
**Excelsior Manor, Inc.**
**HMC Investments Group, LLC**
**Lakeside Properties, Inc.**
**Reno Financial, Ltd.**
**W. Michael Wray Revocable Trust**
**William Michael Wray**
  Defendant(s)

## JUDGMENT

The issues of this proceeding having been duly considered by the Honorable Dennis R. Dow , United States Bankruptcy Judge, and a decision having been reached without trial or hearing.

*IT IS ORDERED AND ADJUDGED*: a.The terms, conditions and representations set forth in the Settlement Agreement approved by this Court on April 2, 2014 are hereby incorporated into the Stipulated Judgment by reference;
b.Susan Caldwell is hereby dismissed without prejudice from Count 14 in the Second Amended Complaint with each party to bear their own costs and expenses, including attorney fees;
c.Susan Wray Trust is hereby dismissed without prejudice from Counts 1,2 and 14 in the Second Amended Complaint with each party to bear their own costs and expenses, including attorney fees;
d.The Trailer Park Entities are hereby dismissed without prejudice from Counts 13 and 14 in the Second Amended Complaint with each party to bear their own costs and expenses, including attorney fees;
e.Plaintiff is entitled to and is hereby granted judgment on Count 15 against the Susan Wray Entities and any claims by the Susan Wray Entities against the Debtors bankruptcy estate are hereby disallowed pursuant to 11 U.S.C. § 502;
f.Plaintiff is entitled to and is hereby granted a judgment against the Susan Caldwell and the Susan Wray Trust (the Judgment Debtors) on Counts 3–9 and 13 of the Second Amended Complaint and the transfers sought to be avoided in such Counts are hereby deemed avoided pursuant to 11 U.S.C. §§ 544 and/or 548 (the Avoided Transfers) and the allegations set forth in the Second Amended Complaint in support of Counts 3–9 and 13 are hereby deemed true and admitted by the Judgment Debtors;
g.In lieu of recovering the actual property transferred with respect to the Avoided Transfers, Plaintiff, pursuant to 11 U.S.C. § 550(a) is entitled to and is hereby awarded a judgment for monetary damages against the Judgment Debtors, jointly and severally, in the amount of $1,126,110.81, which the parties stipulate is the value of the Avoided Transfers, plus interest that accrues after the date of this Stipulated Judgment on such amount in the maximum amount provided for by law;
h.Provided that a Non–Curable Default (as defined below) does not occur and pursuant to the terms of the Settlement Agreement, the Judgment against the Judgment Debtors will be deemed satisfied 120 days after Plaintiff receives $14,200 (the Settlement Portion) as set forth below:
i.Commencing on March 1, 2014, the Judgment Debtors will make an initial payment of $3,000 to Plaintiff in certified funds and/or by money order, then on April 1, 2014, the Judgment Debtors will make a $10,000 payment to Plaintiff in certified funds and/or money order, and a $100 monthly payment the fifteenth (15th) day of each

subsequent month in certified funds and/or by money order until the Settlement Portion is paid in full.

ii.The Judgment Debtors shall have a grace period of five (5) days in which to make the monthly payment (the Grace Period). Unless otherwise designated in writing, the payments shall be directed to: Maureen Scully, P.O. Box 414707, Kansas City, Missouri 64141.

iii.The Judgment Debtors failure to make their initial payment on March 1, 2014, their second installment payment on April 1, 2014, or subsequent monthly payments within the Grace Period will constitute a Payment Default. The Judgment Debtors will have ten (10) days from dispatch of written notice via U.S. Mail, postage pre–paid, from Plaintiff to the Susan Wray Entities to cure any Payment Default. Unless otherwise designated in writing, such written notice shall be sent pursuant to the Notice Provisions in the Settlement Agreement.

iv.The Judgment Debtors failure to timely cure a Payment Default, breach of one of the material representations set forth in the Settlement Agreement, or otherwise comply with the Settlement Agreement shall constitute a Non–Curable Default;

v.Plaintiffs execution on the Judgment against the Judgment Debtors shall be stayed; provided, however, that (i) the Trustee will be allowed to immediately register this Stipulated Judgment in any county where the Judgment Debtors own real property; provided, however, that the Trustee agrees to reasonably cooperate with the Judgment Debtors with respect to the sale of the property located at 12803 Outlook Drive, Overland Park, Kansas to the extent that it or the proceeds of the same remain subject to Ms. Caldwells homestead exemption under applicable Kansas law; and (ii) upon the occurrence of a Non–Curable Default such stay shall be irrevocably lifted and/or dissolved without the necessity of any further action by this Court;

i.This Judgment resolves all Claims (as that term is defined under 11 U.S.C. § 101(5)), known or unknown, that Plaintiff may have against the Susan Wray Entities and that the Susan Wray Entities may have against Plaintiff or the Debtors Bankruptcy Estate, accruing or arising from the beginning of time until the date of this Judgment; provided, however, Plaintiffs rights to object to the discharge or dischargeabiltiy of this Stipulated Judgment are hereby expressly preserved in the event that either one of the Judgment Debtors are placed in bankruptcy, whether it be voluntary or involuntary; and j.This Judgment does not resolve the claims of Plaintiff against the Other Defendants, and those claims are expressly reserved and await further order of this Court. Pursuant to Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bankr. P. 7054(a), the Court expressly finds that there is no just reason to delay and that Judgment is considered final for all purposes.

Ann Thompson
Court Executive

By: /s/ Kim McClanahan
    Deputy Clerk



Date of issuance: 4/2/14

Court to serve